**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARUK TRIBE; ENVIRONMENTAL PROTECTION INFORMATION CENTER; KLAMATH-SISKIYOU WILDLANDS CENTER; KLAMATH RIVERKEEPER; CENTER FOR BIOLOGICAL DIVERSITY, | No. 16-15818 D.C. No. 3:16-cv-01079-MMC |
| Plaintiffs-Appellants, | MEMORANDUM[*] |
| v. | |
| WILLIAM STELLE; NATIONAL MARINE FISHERIES SERVICE; PATRICIA A. GRANTHAM; UNITED STATES FOREST SERVICE, | |
| Defendants-Appellees, | |
| SISKIYOU COUNTY; AMERICAN FOREST RESOURCE COUNCIL; GARY RAINEY; GEORGE HARPER, | |
| Intervenor-Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Maxine M. Chesney, District Judge, Presiding

Argued and Submitted November 15, 2016
San Francisco, California

Before:  SCHROEDER, REINHARDT, and OWENS, Circuit Judges.

Karuk Tribe and various environmental organizations invoked the provisions of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2), and the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604(i); 36 C.F.R. § 219.10(e), to seek a preliminary injunction blocking the government's salvage logging in a large burned area of the Klamath National Forest.  The district court denied the preliminary injunction, and the logging project, known as the Westside Fire Recovery Project, continues to go forward.  Plaintiffs appeal.

We review the denial for abuse of discretion.  *The Lands Council v. McNair*, 537 F.3d 981, 986 (9th Cir. 2008) (en banc), *overruled on other grounds by Winter v. Nat. Res. Def. Council*, 555 U.S. 726 (2002).  There was none.

The salvage logging has been undertaken to reduce the likelihood of more severe fires in the future.  Plaintiffs' concern is with the loss of snags that are beneficial to owl and salmon habitats.  The government was required, under the NFMA, to comply with the Klamath Forest Plan that spells out requirements for the retention of snags.  The project met those requirements.  The government's

2

efforts to preserve large snags included (1) retaining large "legacy" green trees; (2) leaving untouched snags in hydrologic riparian areas; (3) designating additional snag retention areas; and (4) reducing surface fuels, which decreases the risk that future fire consumes even more snags.

Plaintiffs rely on our decision in *Oregon Nat. Res. Council Fund v. Brong*, 492 F.3d 1120, 1126 (9th Cir. 2007), where we affirmed the entry of an injunction to prevent snag removal by means of clear cutting on a large scale and undertaken for governmental profit. Here, the Forest Service's motives are to prevent the danger of future fires, not economic gain, and the government has gone to pains to avoid the risks of large-scale clear cutting envisioned in *Brong*.

Assuming that Plaintiffs have raised serious questions concerning the logging in riparian reserves under the NFMA, the equities favor the government because of the long term environmental, safety and economic benefits. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 475 (9th Cir. 2010).

With respect to the ESA, National Marine Fisheries Service did not rely significantly, if at all, on the Forest Service's planned mitigation measures in reaching its no jeopardy conclusion. Plaintiffs cannot show a likelihood of success under the ESA.

**AFFIRMED**.